UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GENERAL GRANT BELL,

    Plaintiff,

v().                                            Case No. 5:20-cv-40-TKW/MJF

BARBARA M. FINCH,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to completely and honestly disclose his litigation history.[1]

**I.    Background**

Plaintiff, General Grant Bell, DC # 584071, is an inmate of the Florida Department of Corrections ("FDC"). He commenced this action pursuant to 42 U.S.C. § 1983 against one Defendant: Barbara M. Finch, Assistant State Attorney. (Doc. 1 at 1). He alleges that Finch refused to make a plea offer, "forced" him to

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

have a trial, altered trial testimony, and omitted a name from the charging instrument. Plaintiff also asserts that he prevailed in his criminal trial. Thus, he alleges that he was unlawfully sentenced to thirty-years of imprisonment. Plaintiff, however, also includes exhibits from the state trial court indicating that he was found guilty of "First-Degree Arson," "Assault as a lesser included offense," and "Battery as a lesser included offense." (*Id.* at 47-49).

Plaintiff asserts that Finch violated his Eighth Amendment right to be free from cruel and unusual punishments by falsely imprisoning Plaintiff, that she violated the Double Jeopardy clause of the Fifth Amendment, violated his Fourteenth Amendment right to procedural due process, and his Sixth Amendment right to effective assistance of counsel was violated.[2] For relief, Plaintiff seeks immediate release from the FDC's custody.

**II.   Discussion**

   **A.   <u>Screening for Maliciousness</u>**

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent

---

[2] Plaintiff did not name his trial counsel or appellate counsel as a Defendant in this suit, however.

years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v.*

*Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

### B.  Bell's Disclosures

In Section IV of the complaint form utilized by Bell, it seeks information regarding Bell's prior litigation in state and federal courts. The complaint form advises that "NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLSOED AS WELL." (Doc. 1 at 3) (emphasis in original). On page 3 of the complaint form, Question A asks, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action." (*Id.* at 3). Bell marked "yes" and disclosed Washington County Case No. 01-101CF. In response to this question, he also provided information relating to a federal action: *Bell v. State of Florida*, 4:19-cv-30-WS-CAS (N.D. Fla. Jan. 14, 2019). (*Id.*).

On page 3 of the complaint form, Question B asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*Id.*). Bell marked yes, and again disclosed *Bell v. State of Florida*, 4:19-cv-30-WS-CAS (N.D. Fla. Jan. 14, 2019).[3] (*Id.*).

---

[3] Plaintiff indicates that this case was dismissed by the Eleventh Circuit for lack of jurisdiction; however, upon review of the record in case 4:19-cv-30-WS-CAS, it

On page 4 of the complaint form, Question C asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong?" (Doc. 1 at 4). Plaintiff marked yes. *Id.* He disclosed that he filed an action in the Northern District of Florida, Pensacola Division. He was the Plaintiff, and the Defendant was the State of Florida. Plaintiff could not remember the case number or judge. He did, however, state that the issue in that case was whether he had a "constitutional right to a lesser for jury to choose his first degree arson" and that the case was dismissed. Plaintiff disclosed no other cases.

On page 4 of the complaint form used by Plaintiff, Question D asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim or prior to service?" Bell answered yes. He again identified the Northern District of Florida case: *Bell v. State of Florida*, 4:19-cv-30-WS-CAS (N.D. Fla. Jan. 14, 2019).

---

appears that Plaintiff did not appeal the dismissal of this action to the Eleventh Circuit.

At the end of the civil rights complaint form, Bell signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.* at 7). Thus, Bell has in effect stated that at the time he filed his complaint that he had filed only three other actions—two federal and one state court action—that had either challenged his conviction or was otherwise related to the conditions of his confinement.

**C.   Bell's Omission**

The court takes judicial notice that at the time Bell filed his complaint in this case, he had initiated four additional habeas corpus proceedings in the United States District Court for the Northern District of Florida that he should have disclosed in response to Question C. These cases are:

1. *Bell v. McDonough*, No. 5:07-cv-00056-RS-AK (N.D. Fla. Mar. 14, 2007);

2. *Bell v. McNeil*, No. 5:10-cv-267-RS-EMT (N.D. Fla. Oct. 7, 2010);

3. *Bell v. Sec'y Dep't of Corr.*, No. 5:11-cv-309-MP-EMT (N.D. Fla. Sept. 15, 2011); and

4. *Bell v. Cook*, No. 5:15-cv-95-MW-GRJ (N.D. Fla. May 1, 2015).

Notably, none of these cases were filed in the Pensacola Division. Even assuming Plaintiff was confused and thought that one of these four cases was filed

in the Pensacola Division, his response still omitted three of the listed cases. These omissions are not justifiable for three reasons.

First, upon the filing of every *pro se* case, the court mails the litigant a memorandum providing, among other information, the case number assigned to the filing (*see* docket entry indicating Notice to *Pro Se* Litigant served upon Plaintiff on 02/04/2020). The memorandum also instructs the litigant to "keep one copy of all documents you file or receive in this case for your personal records." Litigants are mailed a copy of every order entered in the case, including reports issued by the magistrate judge and orders issued by the district judge disposing of the case. It is Plaintiff's responsibility to maintain a record of the cases he has filed and the results of that litigation.

Second, Plaintiff could have requested from the clerk of the court a list of all the cases he had filed in the Northern District of Florida, but he did not.

Third, and most importantly, in *Bell v. State of Florida*, Magistrate Judge Stampelos informed Plaintiff about these four cases. *See* 4:19-cv-30-WS-CAS, ECF No. 6 at 2 ("To refresh Plaintiff's memory, he is advised that he previously filed four habeas petitions in this Court: case numbers 5:07-cv-56-RS-AK, 5:10-cv-267[]-RS-

EMT; 5:11cv309-MP-EMT, and 5:15cv95-RS-GRJ."). Plaintiff's omissions, therefore, violated his duty of candor to this court.[4]

### D. Materiality of Bell's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989).[5] "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

---

[4] The court finds Plaintiff's conduct to be especially egregious in light of Judge Stampelos' Report and Recommendation.

[5] Here, Plaintiff's complaint is nearly identical to the complaint filed in *Bell v. Florida*. The only differences between his previous case and this case are: (1) Plaintiff brought this current action only against Barbara Finch, and (2) he dropped his claim for monetary damages and only seeks immediate release in this case. In *Bell v. Florida*, the case was dismissed with prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judge Stampelos identified several ways

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and

---

Plaintiff failed to state a claim under section 1983, including that Plaintiff's exclusive remedy was a habeas corpus petition and barred by the statute of limitations for a section 1983 action. Thus, it is likely that this case also could be dismissed based on collateral estoppel and for failure to state a claim upon which relief can be granted. *See Harmon v. Webster*, 263 F. App'x 844, 845 (11th Cir. 2008).

familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Bell falsely responded to questions on the complaint form as detailed above. Bell knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 1 at 3).

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Bell's false responses to go unpunished. If Bell suffered no penalty for his untruthful responses, there would be

little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Bell's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[6] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. Insofar as Plaintiff is already incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false

---

[6] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). As noted above, this case is nearly identical to the case before Judge Stampelos. Judge Stampelos found that Plaintiff's section 1983 claim was already barred by the statute of limitations because the conduct complained about in the complaint occurred in 2001.

representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

In Panama City Beach, Florida this 28th day of April, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.